IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KRISTY LYNN AUSTIN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00457-O-BP |
| | § | |
| **THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2003-BC4; and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,** | § § § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Amended Motion for Judgment on the Pleadings as to Plaintiff's Amended Complaint, ECF No. 15, filed October 11, 2019 by Defendants Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS Inc., Asset Backed Certificates, Series 2003-BC4 ("BoNYM") and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Cooper") (collectively "Defendants"), and Plaintiff's Response, ECF No. 19, filed November 14, 2019. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by order dated July 9, 2019. ECF No. 5. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Amended Motion for Judgment on the Pleadings, ECF No. 15, and **DISMISS WITH PREJUDICE** Plaintiff's claims.

## BACKGROUND

Plaintiff Kristy Lynn Austin ("Austin") sued Defendants in her original state court petition for temporary restraining order and temporary injunction to prevent foreclosure, common law fraud, breach of contract and failure of condition precedent, violations of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X of the Code for Federal Regulations, and violations of the Texas Debt Collection Act ("TDCA"), all concerning Defendants' actions related to the property located at 2 Adams Court, Mansfield, Texas 76063 (the "Property"). ECF No. 1-1. She sought temporary injunctive relief; economic, actual, and exemplary damages; and attorney fees. *Id.* On June 11, 2019, Defendants timely removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1.

As more fully described below, Austin's First Amended Complaint ("FAC"), ECF No. 9, is the live pleading in this case. Accordingly, the following allegations, taken as true, are derived from Austin's FAC and attachments referred to by the FAC and that are central to the case.

Austin and her husband, Clinton Kyle Austin, purchased the Property on April 8, 2003. *Id.* at 3. In connection with the purchase, they executed a Note in the principal amount of $143,010.00 and a Deed of Trust that granted a security interest in the Property to secure repayment of the Note. The Deed of Trust was recorded in the Real Property Records of Tarrant County, Texas as Instrument Number D20313551. *Id.* at 4. (The Note and Deed of Trust are collectively referred to as "the Loan"). The Loan was modified in 2006. Austin made timely payments on the Loan until approximately 2015 when she and her husband separated and divorced. Cooper became the servicer of the Loan sometime in 2015 or 2016, thought Austin denies receiving any notice of the transfer of the loan servicing to Cooper. Austin and her husband reconciled in 2016, and they remarried in November 2018.

In 2018 the Loan was modified again. Austin alleges that she made all trial payments under the modification agreement until September 2018 when she made her payment out of the wrong bank account. Realizing the mistake, she called Cooper and attempted to make the payment. Cooper's representative told her that Cooper would not work with her and would not accept the payment from a different bank account. Cooper's representative suggested that she obtain another modification of the Loan. Austin requested a loss mitigation package, and Cooper sent it to her. She believed that Cooper would work with her and would consider her request for a modification or some form of loss mitigation. She submitted the mitigation package to Cooper.

Austin made numerous telephone calls to Cooper to seek an update on the status of her application. She spoke to a different person each time and was very frustrated. Cooper never appointed a single point of contact for her. Cooper finally told Austin that her application for a modification of the Loan had been denied. Cooper never gave her a specific reason or reasons why the application had been denied.

Faced with losing her home through foreclosure, Austin retained counsel in January 2019. Her attorney's efforts to secure a loan modification were unsuccessful, and Cooper continued to refuse to appoint a single point of contact, denied her request for a modification of the Loan, and refused to explain why it was denied. As a result, Austin filed for Chapter 13 bankruptcy on March 4, 2019 in Case No. 19-408890-mxm13 in the United States Bankruptcy Court for the Northern District of Texas. Her bankruptcy was dismissed on April 12, 2019. In May 2019, Austin began receiving letters in the mail from real estate investors and attorneys, and from these letters she first learned that Defendants had placed her home up for foreclosure. Austin never received any notice of default or notice of acceleration of the Loan before receiving these offers in the mail to buy her home.

Although Austin refers to several exhibits attached to her FAC, those exhibits are not attached. However, they are attached to her original petition filed in state court. They include the Warranty Deed with Vendor's Lien dated April 4, 2003, ECF No. 1-1 at 17; Deed of Trust dated April 8, 2003, *Id.* at 21; Assignment of the Deed of Trust to BoNYM dated February 24, 2011, *Id.* at 37; Affidavit of Scrivener's Error dated August 16, 2012, *Id.* at 40; Appointment of Substitute Trustee dated February 12, 2019, *Id.* at 44; and Notice of Trustee's Sale filed May 13, 2019, posting the Property for sale on June 4, 2019; *Id.* at 45.

Austin filed the current action on May 29, 2019 in the 342d Judicial District Court of Tarrant County, Texas. *Id.* at 1. She was successful in obtaining a temporary restraining order in the state court, enjoining the foreclosure sale on that same day. ECF No. 1-4 at 1. Austin filed her FAC in response to the Court's Order to Replead on July 24, 2019. ECF No. 9. Her FAC deletes claims for injunctive relief, but otherwise reasserts the causes of action originally made in her state court petition.

Defendants filed the instant Amended Motion for Judgment on the Pleadings on October 11, 2019. ECF No. 15. They assert that dismissal of the FAC with prejudice is warranted because Austin has failed to state a claim upon which relief can be granted. Specifically, they assert that her fraud claim is barred by the statute of frauds and economic loss rule, is not specifically pleaded, and does not plead justifiable reliance or damages caused by such reliance. They assert that her breach of contract claim should be dismissed because she does not plead performance of the agreement on which she sues, she pleads no violation of the loan agreement, and claims no injury from an alleged breach. They say she fails to plead any RESPA violation. Finally, they assert that her TDCA violation claim is legally unsound and that she does not plead any damages caused by such a violation.

**LEGAL STANDARD**

I.   **Federal Rule of Civil Procedure 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for dismissal under Rule 12(c) is the same standard for dismissal for failure to state a claim under Rule 12(b)(6). *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a

motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

**ANALYSIS**

I. **Fraud**

The elements of common law fraud under Texas law are: (1) a defendant made a false material representation to the plaintiff with knowledge of the statement's falsity or a reckless

6

disregard as to its truth, (2) the defendant intended the plaintiff to rely on the statement, (3) the plaintiff relied on the statement, and (4) the statement caused damage to the plaintiff. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Here, Austin merely incorporates by reference her statement of the facts and adds the following:

> The acts, conduct and/or omissions of the Defendants, after refusing Plaintiff's trial payment under the modification agreement, and then telling Plaintiff that Defendants would agree to consider Plaintiff for a Loan Modification in September 2018, and in fact sending Plaintiff a loss mitigation package, all of which materially induced Plaintiff to stop trying to make her scheduled payment, and then subsequently failing to consider Plaintiff's completed loss mitigation package in good faith, specifically forcing Plaintiff to deal with numerous representatives, and refusing to give Plaintiff a reason for denial of a loan modification, and instead proceeding to post Plaintiff's homestead property for foreclosure sale constitutes common law fraud and misrepresentation of material facts that Plaintiff relied upon to her detriment, and which are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

ECF No. 9 at 7-8. Austin alleges generally that "each of the acts, conduct and/or omissions of the Defendants as described herein that constitute common law fraud were committed intentionally, knowingly and/or with malice, or a conscious indifference to the rights of [Austin]." *Id.* at 8. Defendants assert that Austin's fraud claim fails to allege fraud specifically as required by Fed. R. Civ. P. 9. *See* ECF No. 15 at 6-7.

A claim for common law fraud must meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (applying Rule 9(b)'s heightened pleading standard to claims for common-law fraud, statutory fraud, and negligent misrepresentation). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the

complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quotation omitted). The Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth specific facts supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *United States ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003).

Austin failed to identify any representative of Defendants with whom she spoke about the Loan and did not provide the details of when the conversations occurred or any specifics of false statements that were made. Although the Court views her FAC in the light most favorable to her, she failed to include the specifics of any conversations with Defendants' representatives that would show what misrepresentations were made, that the representatives knew that they were false, or that that the statements were made recklessly. Austin did not plead any specifics that would reveal a reason for such alleged misrepresentations. *See Terna v. Wells Fargo Bank, N.A.*, Civil Action No. 4:16-cv-03461, 2017 WL 6513990, at *4 (S.D. Tex. Nov. 21, 2017) (common law fraud claim properly dismissed as "there are ... no allegations as to what was gained by the alleged

8

misrepresentations"). These types of broad, nonspecific pleadings are insufficient to plead a claim for fraud. *Brooks v. Bank of New York Mellon*, Civil Action No. 4:12-CV-1463, 2014 WL 1322822, at *3 (S.D. Tex. Mar. 31, 2014) ("[Plaintiff's] vague allegations as to the 'what' and 'why'—including her conclusory explanation that Defendant's representations were fraudulent because they intended to prevent her from seeking relief through bankruptcy prior to foreclosure— are not sufficient to plead a claim of fraud with the particularly [sic] required by Rule 9(b)").

Austin failed to provide the necessary factual background and details to support her claim. In similar cases, the courts have dismissed fraud claims. *See Thomas v. Bank of New York Mellon*, 3:12-CV-4941-M-BH, 2013 WL 4441568, at *8 (N.D. Tex. Aug. 20, 2013) (plaintiffs allegedly sought information to verify defendants' authority to foreclose but were unsuccessful in obtaining them); *Grisham v. Deutsche Bank Trust Co. Americas*, No. 4:11–CV–3680, 2012 WL 2568178, at *4 (S.D. Tex. June 28, 2012) (plaintiff alleged that the defendant "committed fraud by manufacturing documentation to support its alleged ownership of the Note" but he did "not contend that [the defendant] made this material representation to him"). Here, Austin does not allege the who, what, why, when, where, and how needed to properly plead fraud. For these reasons, her common law fraud claims should be dismissed.

Austin likewise failed to adequately allege justifiable reliance on any alleged misrepresentations or any damages caused by such reliance in her FAC. In her Response to Defendants' Amended Motion, Austin claims that her damages were "the re-posting of her homestead property for foreclosure, causing her to have to spend money to hire an attorney and defend her rights in her property." ECF No. 19, at 17. This allegation of damages is too attenuated and remote to provide for recovery and was not alleged in the FAC in any event. She pleaded her claims of reliance and damages in the FAC in a conclusory fashion only. Accordingly, Austin's

9

fraud claim should be dismissed for failing to plead facts to show her justifiable reliance on the misrepresentations of Defendants and any damages proximately caused by such reliance.

Defendants' arguments that the statute of frauds and the economic loss rule bar Austin's fraud claim are not persuasive. As Austin noted in her Response to the Defendants' Amended Motion, she seeks economic and exemplary damages as a result of misrepresentations allegedly made by Cooper that caused her to stop making her payments. This is not a case in which she seeks to enforce an oral modification of the Loan that would violate the statute of frauds contained in Tex. Bus. & Com. Code § 26.02(b). She claims damages as a result of alleged oral misrepresentations that did not constitute an oral modification. As a result, the statute of frauds does not bar her claim.

Likewise, her fraud claim does not fall under the economic loss rule. "The economic loss doctrine generally bars a tort claim when no factual basis for the tort claim would exist had the defendant complied with the contract." *Spring St. Apts Waco, LLC v. Phila. Indem. Ins. Co.*, No. 6:16-CV-00315-RP-JCM, 2017 WL 5244285, at *4 (W.D. Tex. Apr. 5, 2017). "The economic loss rule attempts to limit a contracting party to recovery only on a contract cause of action unless the contracting plaintiff can demonstrate an independent duty that as a matter of public policy cannot be contracted away, or independent harm beyond mere disappointed economic expectations." *Id*. Here, Austin claims damages resulting from separate alleged misrepresentations by the Defendants, not for loss that duplicates what she claims from breach of contract. See *Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *5 (S.D. Tex. June 3, 2013) (allegations of fraud in loan modification negotiations not subject to rule because loan documents did not "impose[] on Defendants a contractual obligation to provide…a modification"). As a result, the economic loss doctrine does not apply to her claim here.

## II.     Breach of Contract

Defendants assert that Austin's breach of contract claim should be dismissed because she failed to plead that she performed under the contract at issue, she did not identify any part of a contract that was breached, and she failed to allege any damages resulting from such breach. As to their first argument, the Court notes that failure to make payments under a Loan agreement is a separate obligation from the lenders' duties in the event of default. *See Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (noting "[i]f performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning."). As a result, Austin's failure to make payments under the Loan documents alone does not release Defendants' from their duties under the documents. *Thomas v. Wells Fargo Bank, N.A.*, No. 4:17-CV-2070, 2018 WL 1898455, at *3 (S.D. Tex. Apr. 20, 2018) ("Plaintiffs' breach of contract claim is not foreclosed as a matter of law by their failure to satisfy their payment obligations under the Deed of Trust."); *Lott v. Wells Fargo Bank, N.A.*, No. 3:17-CV-1270-L-BT, 2018 WL 4376413, at *2 (N.D. Tex. Aug. 22, 2018), *rec. adopted sub nom.*, No. 3:17-CV-1270-L, 2018 WL 4362632 (N.D. Tex. Sept. 13, 2018) (same).

However, Austin's breach of contract claim still should be dismissed because she failed to allege any specific contractual provisions that were breached. "Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).  Although she claims that Defendants failed to provide her

11

with notices of default and acceleration, she fails to identify any provisions of the Loan documents which require that she actually receive such notices. She identifies no other contracts, or portions of contracts, that Defendants allegedly breached.

"[A] claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). "[A]s a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) (internal quotations and citations omitted); *Morse v. Commonwealth Land Title Ins. Co.*, Case No. 4:12CV375, 2013 WL 5372395, at *11 (E.D. Tex. Sept. 25, 2013) ("[w]ithout identification of the ... provisions breached ... a breach of contract claim has not been stated and should be dismissed"). Austin failed to identify the contractual provision that Defendants allegedly breached, and she failed to identify any damages resulting from such a breach. Consequently, her breach of contract claim should be dismissed.

### III.   RESPA Claims

Austin alleges that Defendants violated RESPA by failing: (1) to explain why they denied her application for modification of the Loan and loss mitigation services before posting the Property for foreclosure; (2) to provide her with notice of the transfer of loan servicing as required by 12 CFR § 1024.33(b); (3) to provide her with a single point of contact after she submitted her modification request. Defendants contend her RESPA claims fail as a matter of law because the regulation implementing the act does not require the servicer to do more than notify the borrower that her loss mitigation application was denied. The law supports the Defendants' argument as to Austin's application for loss mitigation. *See* 12 C.F.R § 1024.41(f)(ii) ("a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure

12

process unless: (i) [t]he servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option . . .").

Austin's remaining RESPA claims fail because she has alleged no damages resulting from Defendants' alleged failure to notify her of a change in servicer and in failing to provide a single point of contact. To state a claim for a violation of RESPA, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013) (quoting *Enis v. Bank of Am., N.A.*, No. 3:12–CV–0295–D, 2013 WL 840696, at *3 (N.D. Tex. Mar. 7, 2013). Austin asserts that Defendants' alleged violations "are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court." *See* ECF No. 9 at 9-10, ¶¶ 38-39. However, she failed to plead what those damages were or how they were caused by Defendants' failure to explain why her loss mitigation application was denied, to notify her of a change in servicer, or to provide her with a single point of contact. Since Austin failed to allege any facts to show damages flowing from Defendants' alleged violation of RESPA, her claims under that act should be dismissed. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x. 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012) (RESPA claim dismissed where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of ... RESPA."), *rec. adopted*, 880 F. Supp. 2d 747 (N.D. Tex. 2012).

### IV. TDCA Claims

Austin alleges that Defendants violated the TDCA by failing to provide her notice of default and notice of acceleration; threatening that nonpayment of the debt would result in loss of her property without court action under section 392.301(a)(7) of the Texas Finance Code; threatening to take an action prohibited by law under § 392.301(a)(8); and using other false representations or deceptive means to collect a debt in violation of § 392.304(a)(19). She seeks to recover exemplary damages "[a]s each of the acts, conduct and/or omissions of Defendant Wells Fargo [sic] acting in its capacity as a 'third-party debt collector' of a defaulted loan which constitute violations of the TDCA were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff." ECF No. 9 at 11, ¶ 43. Defendants assert that Austin has failed to plead facts to prove any violations of the TDCA.

To state a claim under the TDCA, a plaintiff must allege facts showing: (1) the debt is a consumer debt; (2) defendant is a debt collector within the meaning of the TDCA; (3) defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against plaintiff; and (5) plaintiff was injured as result of defendant's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). Austin's claims that Defendants failed to provide her with notices of default and acceleration fail to state a claim for a deceptive act. The deed of trust in this case and section 51.002 of the Texas Property Code apply the same requirement for sending such notices: "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002 (2020). "There is no requirement that [the debtor] receive the notice." *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256

(5th Cir. 2013). Austin's claim that she never received notice fails to state a claim that is actionable under the TDCA.

Austin's remaining allegations supporting Defendants' alleged TDCA violation are conclusory and otherwise fail to state a claim. Section 329.301(a) prohibits a debt collector from using a "threats, coercion, or attempt to coerce that employ any of the following practices," including "(7) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings," and "(8) threatening to take an action prohibited by law." Tex. Fin. Code § 329.301(a)(7) & (8). Section 392.304(a)(19) prohibits a debt collector from using "fraudulent, deceptive, or misleading representations" in any other way. Tex. Fin. Code. § 392.301(a)(7) & (8), § 392.301(a)(19) (2020). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). Austin's allegations under this section track the statutory language and are conclusory. Further, she does not identify what statement made by any of the Defendants was threatening, coercive, false, or misleading. Accordingly, Austin has failed to state a claim under these sections of the TDCA. She has failed to allege any specific facts that would support recovery under the sections of the act prohibiting fraudulent and threatening conduct by Defendants. In the absence of any such factual allegations, her remaining claims under the TDCA should be dismissed.

### V.    Exemplary Damages and Attorney's Fees

In her Amended Complaint, Austin requests exemplary damages under Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code and attorney's fees under Section 37.009 of the Texas Civil Practices and Remedies Code, RESPA, Regulation X, TDCA, and the

common law. Her claim for exemplary damages fails because she has shown no entitlement to actual damages. One of the requirements for an award of exemplary damages, ordinarily, is an award of actual damages. *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 660 (Tex. 2012). Likewise, her claim for attorney's fees under the statutes cited fails because she has not pleaded causes of action that would permit such recovery. *Billiter v. Cent. Mortg. Co.*, No. CIV.A. H-14-663, 2015 WL 867443, at *7 (S.D. Tex. Feb. 17, 2015) ("Here, as Plaintiff has no viable claims against Defendant, Plaintiff cannot ... obtain attorney's fees as a prevailing party."). And under the common law of Texas, a party is not entitled to recover attorney's fees unless specifically provided by statute or a rule of procedure. *See In re Nalle Plastics, F.L.P.*, 406 S.W.3d 168, 172 (Tex. 2013). Here, she has not shown any such entitlement. Accordingly, Austin's requests for exemplary damages and attorney's fees should be denied.

## VI. Dismissal with Prejudice

Dismissal without prejudice is appropriate if a court finds that the plaintiff has not alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). However, where "[a]n amendment would be futile [because] . . . the complaint as amended would be subject to dismissal," then it should be dismissed with prejudice. *Cal Dive Int'l, Inc. v. Schmidt*, 639 F. App'x 214, 219 (5th Cir. 2016). Austin has amended her complaint in response to Defendants' original motion for judgment on the pleadings, but she did not add additional factual allegations to support the claims that she originally brought in the state court. She also could have sought leave to amend her complaint in response to Defendants' Amended Motion if she were able to provide further factual or legal support for her claims. She did not seek any further leave to amend. Despite her efforts to make viable claims against the Defendants, she has failed to do so. The undersigned concludes that she has pleaded her best case against them, and any further amendment would be futile. *Legate*

*v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, Austin's claims should be dismissed with prejudice.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Amended Motion for Judgment on the Pleadings (ECF No. 15) and **DISMISS WITH PREJUDICE** Plaintiff's claims.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 3, 2020.

_____<br>
Hal R. Ray, Jr.<br>
UNITED STATES MAGISTRATE JUDGE

17